IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONTE C. KALLENBACH,

               Plaintiff,                             ORDER

  v.

                                                      14-cv-761-bbc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 27, 2015, the court granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to 42 U.S.C. § 405(g). *See* dkt. ##9 and 10. On December 13, 2016, plaintiff's counsel, Jason Whitley, filed a motion for attorney fees, in which he reported that following a second hearing on remand, the administrative law judge issued a fully favorable decision and awarded plaintiff disability benefits and back pay and that the Social Security Administration withheld 25 percent of plaintiff's past-due benefits (or $17,046.75) to pay his attorney fees. Dkt. #12. Attached to the motion is an accounting of the 71 hours that Attorney Whitley spent working on plaintiff's case between 2012 and 2016. Whitley seeks compensation at an hourly rate of $200 for a total fee award of $14,200. Defendant does not oppose the motion as long as long as the fee award accounts for the fact that the administrative law judge awarded plaintiff's counsel $6,000 for work performed before the agency. Dkt. #13.

Although the requested fee is within the statutory cap of 25 percent of past-due benefits, 42 U.S.C. § 406(b), the court nevertheless must review it to ensure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). In Gisbrecht, the Supreme Court explained that a court's analysis of a request for fees under § 406(b) begins with the fee agreement signed by the plaintiff and his counsel. Although Whitley did not submit a fee agreement for federal court work with his motion, he submitted a fee petition form to the agency in January 2016. Plaintiff signed that form, agreeing to a proposed fee of $14,200. Dkt. #13, exh. A.

The requested hourly rate is reasonable. Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500). However, the summary of hours expended by Whitley includes time for which he cannot be compensated by this court. As defendant points out, § 406(b) is intended to compensate counsel only for work performed before a federal court ad not the administrative agency. Gisbrecht, 535 U.S. at 794 ("The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."). Because Whitley summarized the total amount of time that he spent performing certain types of tasks—such as drafting and reviewing documents and making phone calls—over the course of four years, it is impossible for me to discern how much time he spent representing plaintiff in federal court. Accordingly, I will not rule on the

2

motion for attorney fees at this time and will direct plaintiff's attorney to submit a revised accounting of the hours he expended litigating the case in this court. In addition, plaintiff's attorney should submit a copy of any fee agreement that he had with plaintiff.

It is ORDERED that plaintiff's attorney, Jason Whitley, has until September 22, 2017 to submit a revised accounting of the time he spent litigating this case in federal court.

Entered this 6th day of September, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge