IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONTE C. KALLENBACH,

        Plaintiff,                            OPINION and ORDER

  v.

                                                       14-cv-761-bbc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered in this case on September 6, 2017, I directed plaintiff's counsel, Jason Whitley, to provide additional information in support of his motion for attorney fees. Dkt. #14. Specifically, I asked Whitley to submit (1) a revised accounting of the hours he spent litigating the case in this court and not in the administrative agency; and (2) a copy of any fee agreement that he had with plaintiff. Whitley has filed an amended motion for attorney fees in which he explains that he expended 45.5 hours on the federal case at an hourly rate of $200, for a total fee of $9,100. Dkt. #15. He also has included a fee agreement signed by plaintiff on September 20, 2012, which provides that plaintiff will pay Whitley the lesser of 25% of his past due benefits or $6,000. However, the parties' previous submissions show that plaintiff later signed a fee petition form in January 2016, agreeing to a proposed fee of $14,200. The Social Security Administration has withheld 25% of plaintiff's past-due benefits (or $17,046.75) for attorney fees, and the administrative law

judge who decided plaintiff's case already awarded Whitley $6,000 for his work performed before the agency.

As I explained in my previous order, even though the requested fee is within the statutory cap of 25 percent of past-due benefits, 42 U.S.C. § 406(b), the court must review it to ensure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). In Gisbrecht, the Supreme Court explained that a court's analysis of a request for fees under § 406(b) begins with the fee agreement signed by the plaintiff and his counsel. The most recent document signed by plaintiff shows that he agreed to a total fee of $14,200. Because the administrative agency already awarded $6,000, Whitley is entitled to no more than an additional $8,200 under his latest agreement with plaintiff. Therefore, although the requested hourly rate of $200 for 45.5 hours is reasonable, I will reduce Whitley's requested fee to $8,200, in accordance with the 2016 fee petition.

ORDER

It is ORDERED that

1. The amended motion for attorney fees pursuant to 42 U.S.C. § 406(b) filed by plaintiff Monte Kallenbach's attorney, Jason Whitley, dkt. #15, is GRANTED in part: a representative fee award of $8,200 is payable to Jason Whitley out of plaintiff's past-due benefits.

2. Plaintiff's counsel's initial motion for attorney fees, dkt. #12, is DENIED.

Entered this 18th day of September, 2017.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge